OPINION of the Court, by
judge' Logan.
— Eeau*-champ exhibited his bill in chancery for the purpose of setting aside an award, and reinstating the cause for . , , . ° tnal Ju!7-
The verv object of submitting a cause to arbitration, 0Ugt,t (0 prevent too easy an ear by courts in overset-ting awards. It is a mode of decision prefered by the parties, in which from its nature they agree to risk the event ^ decision on the judgments and integrity of men °* their own,choosing. But as the law abhors corruption, gross or evident partiality^ and all undue m$ans, it has provided that ior such causes only shall awards he set aside or invalidated. It is true the general power courts of equity, is permitted to remain over awards ; l^‘s power can never be extended to embrace the supposed misjudging of arbitrations in matters submitted to them : for this would truly ill accord with the meaning of the law, on the subject of arbitraments. It Would at once prostrate this mode of trial, by the consequent subjection to a suit in chancery ; and instead of a cheap and speedy administration of justice, would produce precisely the reverse.
This power of courts of chancery therefore, cannot be permitted to assume so extensive a range. In the present case it must be content to inquire, whether corruption., evident partiality, or other undue means, have been practised bv the arbitrators against the complainant. He states his information of their being against him, before they met on the subject of the submission ; but adds that, from their good general character, and his own honor‘d he did not know how to get clear of it.
It would be arbitrating on very unequal ground, for one party to go into it, expecting its benefit, if for him ;; but with the way prepared to avoid it, if agaínsí hin?| *457 on the mere suggestion óf partiality in the arbitrators before they had even acted on the subject refered to them.
The complainant alleges as evidence of partiality, the refusal of the arbitrators to take down the heads of all the testimony in writing. It is supposed this was with the view of having it reported to the court, in order that the court might thereby be enabled to judge, whether, in its opinion, the arbitrators had correctly decided the cause.
This v. j iLl certainly have been as unusual, as it would have been inconvenient to the arbitrators and useless to the court. It was not the duty of the arbitrators to collect and report evidence. It was their duty to determine the controversy to the best of their judgment, agreeably to law, evidence and the equity of the case, and thereby terminate the dispute between tiie parties. But the. heads of evidence so reported would have been very improper matter for a court to have adjudicated on ; it would in short have been ho evidence between the parties. And if intended as t vidence against the arbitrators, in manifesting corruption, &c. the request was moreover insulting, as well as irrelevant to the subject refered.
Surely it can never be assumed as a correct principle, that a course of conduct adopted by one of the parties, which ought to be expected to be negatived by the arbitrators, is to furnish the evidence of partiality against them. If they wanted firmness to reject unnecessary, unusual an cl inconsistent propositions, they would be very ill qualified to decide between litigious cunning litigants.
it is farther charged by the complainant, that one of the arbitrators had attended to the admeasurement of certain fields, about the precise quantity and rent of which the parties were disputing, and had incorrectly ami unjustly done the same.
Without going into a minute detail of the subject matter which had been in dispute, or deciding whether in our opinion the arbitrators determined correctly.on the points before them, we have examined and can find nothing from which to infer either corruption, evident partiality or other undue means in the arbitrators. Whetner they have decided correctly or not, we deem no *458 farther a subject of inquiry for us, than to say whether* the determination has been so palpably and grossly wrong, as to warrant this court in pronouncing them to have acted corruptly, evidently partial, or under other undue means within the meaning of a sound exposition of the law ? And to this inquiry we feel constrained to decide in the negative.
Decree reversed with costs.